Tilgbman C. J.
I consider the certificate of the referees as of itself constituting an exception to the general rule. It was given before the next term after the report was filed; and as the judgment was in favor of the plaintiff; he, and not the defendants, is the sufferer by delay. Besides, the rule requiring exceptions within the four days seems to be for the government of the attorneys; but this is the case of a certificate by the referees that they have committed a plain mistake. The case has never occurred before; and I am . *sat’s;6-e(i that the present circumstances form a safe exception to the general rule. As to the case of a jury, I give no opinion.
Yeates J.
I am satisfied that the decision of the question shall be as a majority of the Court incline; but I do not feel authorized to go so far.
Brackenridge J.
I do not think that the general rule extends to such a case as the present; and there is in my mind a clear distinction between this ease and that of a jury. It may be very wrong to permit a jury to state their mistakes after they are completely discharged; but referees are never treated with the same strictness as juries. They explain the ground of their award, and I see no impropriety in permit *273 ting them to be heard under circumstances like the present, when they certify to the court, that they are satisfied they have committed a plain mistake.
Rawle then proceeded with the exceptions, of which the first two embraced the matter referred to by the referees. When he was about opening the third, the Chief Justice informed him that the Court were unanimously of opinion that he should be confined to the errors alleged by the referees themselves in their certificate.
The case was then arranged by the parties.
[See contra Tilghman v. Fisher, 9 Watts 441.]